IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID DRYDEN BELL,

        Plaintiff,        Civil No. 03-1558-CO

        v.        FINDINGS AND
            RECOMMENDATION

BERNIE GIUSTO, et al.,

        Defendants.

COONEY, Magistrate Judge.

    Plaintiff, a former inmate at Multnomah County Inverness Jail ("MCIJ"), now incarcerated at the Two Rivers Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging three claims alleging denial of access to the courts. Defendants now move for summary judgment (#17).

<u>Exhaustion of administrative remedies:</u> The Prison Litigation Reform Act (PLRA) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

1 - FINDINGS AND RECOMMENDATION

administrative remedies as are available are exhausted. 42 U.S. C. § 1997e(a); Porter v. Nussle, 534U.S. 516, 531-32; Booth v. Churner, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust **all** grievance remedies **prior** to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

During the time of plaintiff's incarceration at MCIJ, the 2001 Edition of the Inmate Manuel contained the operative grievance procedure at the institution. Stout Affidavit (#19) paragraph 5, Exhibit 1. MCIJ records indicate that plaintiff filed two grievances related to access to the courts or the law library generally. The first grievance, dated May 10, 2003, related to plaintiff's request for replacement copies of legal books and contained a general complaint about the organization of the law library. In the second grievance, dated November 1, 2003, plaintiff complained that he was not allowed sufficient time in the law library and that he was having a difficult time understanding legal concepts without assistance. MCIJ responded promptly to both grievances and in both cases, plaintiff did not appeal the response. Id., Exhibits 4 and 5. Plaintiff did not submit a grievance complaining that he was not allowed to act as a "jailhouse lawyer." Id., paragraph 10.

Thus plaintiff has not exhausted all available

2 - FINDINGS AND RECOMMENDATION

administrative remedies related to the three claims he alleges in this action. While he filed a grievance somewhat related to his first (no access to jailhouse lawyers) and third (insufficient law library) claims, he failed to appeal the responses to those grievances. Plaintiff did not file a grievance with respect to his second claim (prohibition on helping other inmates with legal matters.

An inmate's failure to comply with the PLRA's exhaustion requirement mandates the dismissal of that claim without prejudice. McKinney v. Carey, supra. However, in this case, for the reasons set forth below, plaintiff's claims should be dismissed with prejudice.

First and Third Claims: Plaintiff's first claim alleges he has been denied access to the courts because defendants allegedly refused to allow him to confer with "jailhouse lawyers," and denied him assistance by "anyone trained in the law." Complaint, p. 3. Plaintiff third claim alleges that denial of access to the court because the MCIJ law libraries are "not properly maintained and up to date." Complaint, p. 4.

It is well settled that inmates have a constitutional right of meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996). However, a prisoner's right of access to the courts does not "require the maximum or even the optimal level of access." Bounds v. Smith, 430 U.S. 817, 821-23; King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). The

3 - FINDINGS AND RECOMMENDATION

objective of the Supreme Court's access requirements was to remove barriers to court access that imprisonment erected, not to grant inmates advantages not shared by the general unimprisoned public.  Hooks v. Wainwright, 775 F.2d 1433, 1436-37 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

In Bounds v. Smith, supra, the Supreme Court held that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 829; Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 855 (9th Cir. 1985) (expressly adopting Bounds recognition of alternative means to meet due process requirement of access to the courts.  Prison officials may not, of course, actively impede an inmates access to courts by failing to file his complaints or by confiscating directly relevant material, Vigliotto v. Terry, 873 F.2d 1201 (9th Cir. 1989), but their affirmative obligations end when a law library and basic supplies are afforded.

There is no abstract, freestanding right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343 (1996). Thus an inmate does not state a constitutional claim simply by establishing that a prison library or legal assistance program is sub par in some theoretical sense.  Id.

In order to establish a violation of the constitutional

4 - FINDINGS AND RECOMMENDATION

right of access to the courts a prisoner must establish two things.  First he must show that the access was so limited as to be unreasonable.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  Second, he must demonstrate that the inadequate access caused him an actual injury.  To establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts.  Id.

Plaintiff's general allegation that the "MCIJ libraries are not properly maintained and up to date" is insufficient to state a claim for denial of access to the courts because it is unsupported by any specific factual allegation that would support a finding that the library is constitutionally inadequate.

Moreover, plaintiff has not pleaded or established that he suffered an actual injury as a result of defendants' alleged conduct.  Plaintiff's "injuries" are theoretical in nature, and he has not alleged any specific instance where the lack of "jailhouse lawyers" or the alleged inadequacy of the MCIJ law library hindered his ability to pursue a legal claim.

Plaintiff's allegation that he was prejudiced because he did not understand the "criminal history" category of his plea agreement, Plaintiff's Response (#22), Affidavit of David Bell, p. 4,  is insufficient to demonstrate actual injury. Plaintiff was presumably represented by counsel at the time he entered his guilty plea and I take judicial notice of the fact that the terms of plea agreements bargains are set forth in

5 - FINDINGS AND RECOMMENDATION

the document itself - which plaintiff concedes that he read.

Moreover, a challenge to plaintiff's conviction or sentence should properly be brought as a claim for habeas corpus relief under 28 U.S.C. § 2254. See generally, Heck v. Humphrey, 512 U.S. 477 (1994). A 42 U.S.C. § 1983 claim for damages is premature because plaintiff has not demonstrated that his allegedly unlawful confinement has been reversed or invalidated. Id.

Plaintiff's denial of access to the courts claims are insufficient as a matter of law because he has not alleged or established any actual injury. Lewis v. Casey, supra.

Second Claim for Relief: In his Second Claim, plaintiff alleges that he has "repeatedly been told by staff at Multnomah County Inverness Jail that (he) would be sent to a disciplinary segregation unit ('the hole'), loose all library privileges, be written up, and that he could face possible criminal charges" for helping other inmates with their legal matters.

A properly pleaded complaint which alleges retaliation for the exercise of a constitutional right may state a cause of action under 42 U.S.C. § 1983, Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274 (1977). However, plaintiff does not have a First Amendment right to provide legal advice to other inmates. Shaw v. Murphy, 532 U.S. 223 (2001).

Moreover, plaintiff does not allege that staff actually punished or retaliated against him. Plaintiff alleges that he

6 - FINDINGS AND RECOMMENDATION

was *threatened* with retaliation. Threats are not actionable under 42 U.S.C. § 1983. Guat v. Sunn, 810 F.2d 923 (9th Cir. 1987). Accordingly, defendants are entitled to judgment as a matter of law as to plaintiff's second claim.

Conclusion: I find that plaintiff failed to exhaust his administrative remedies with respect to the claims alleged in this action. Assuming *arguendo* that plaintiff had exhausted his administrative remedies, I find that plaintiff's claims one and three fail as a matter of law because he has failed to demonstrate any actual injury resulting from the alleged denial of access to the courts. Plaintiff's claim two fails a a matter of law because plaintiff merely alleges that he was threatened with retaliation for acting as a "jailhouse lawyer" and because he has no constitutional right to help other with their legal matters.

There are no material issues of fact remaining in this case and defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#16) should be allowed. This case should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have

7 - FINDINGS AND RECOMMENDATION

ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

recommendation.

DATED this _8__ day of July, 2005.

_____S/_____
John P. Cooney
United States Magistrate Judge